United States Court of Appeals,

Fifth Circuit.

No. 91–1831.

David Vernon MARTIN, Sr., Plaintiff–Appellant,

v.

HARRISON COUNTY JAIL, et al., Defendants–Appellees.

Oct. 19, 1992.

Appeal from the United States District Court for the Southern District of Mississippi.

Before REAVLEY, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant sued pro se under 42 U.S.C. § 1983 complaining of the conditions of his confinement in the Harrison County, Mississippi jail and that, while confined, he was assaulted by a guard. Defendants moved for summary judgment. In a thorough and detailed opinion the experienced trial judge found that no issues of material fact existed and granted the summary judgment dismissing Appellant's case. We have carefully studied the record and the briefs and we agree.

Appellant argues that issues of fact exist as to the denial of medical care, the sanitary conditions of his cell, the exercise he was provided, his sleeping accommodations, and his dining privileges. Our review of the record convinces us, as it did the trial judge, that this is not the case.

On the assault issue, the Appellant alleges that he was struck while the guard was trying to prevent Appellant from cutting his wrist in a suicide attempt. He does not allege whether he was struck once or more than once, whether the blows were significant or not, how many people hit him, or any such facts. Appellant was attempting suicide and the guards had an obligation to prevent this. Some force was called for. He, therefore, has raised no fact issue as to the excessiveness of the force used sufficient to withstand summary judgment.

Appellant next contends that he should have been afforded a hearing as an opportunity to state his issues more plainly and to better understand what was required of him. He relies on *Murrell v. Bennett,* 615 F.2d 306 (5th Cir.1980). That case is distinguishable. There plaintiff's attempts at discovery were thwarted early on. Here plaintiff has had extensive discovery.

Appellant also argues that he should have been specifically instructed by the court what the procedures were under Rule 56 so that he would have known how to better oppose the motion. The Sixth and Ninth Circuits have rejected this argument[1] while other circuits have taken a different view.[2] We adopt the rule of the Sixth and Ninth Circuits that particularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant. The notice afforded by the Rules of Civil Procedure and the local rules are, in our view, sufficient. To adopt any other rule would make it impossible to determine precisely what notice was adequate in a given case.

The several other arguments raised by the Appellant are likewise without merit.

AFFIRMED.

---

[1]*Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir.1987); *Jacobsen v. Filler,* 790 F.2d 1362, 1364–67 (9th Cir.1986).

[2]*Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); *Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988); *Brown v. Shinbaum,* 828 F.2d 707, 708 (11th Cir.1987); *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982); *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975).