UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20491
Summary Calendar

_____

MORGAN JOHNSON,

Plaintiff-Appellant,

versus

JOHNNY KLEVENHAGEN, Sheriff;
K. W. BERRY, Captain;
JOHN DOE, Lieutenant,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-93-CV-2424)
_____
December 7, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Morgan E. Johnson filed a civil rights complaint under 42
U.S.C. § 1983, claiming that, while an inmate in the Harris County
jail, he was denied due process in connection with a disciplinary
hearing. *See Johnson v. Klevenhagen*, No. 92-2832 (5th Cir. July
26, 1994).

On remand, the district court properly awarded summary
judgment to the defendants because Johnson did not present specific

---

[*] Local Rule 47.5.1 provides: "The publication of
opinions that have no precedential value and merely decide
particular cases on the basis of well-settled principles of law
imposes needless expense on the public and burdens on the legal
profession." Pursuant to that rule, the court has determined
that this opinion should not be published.

facts showing the existence of a genuine issue for trial. *E.g.,*
*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en
banc); *Sandin v. Conner*, ___ U.S. ___, 115 S. Ct. 2293, 2297-2302
(1995). The district court did not abuse its discretion by denying
Johnson's motion for appointment of counsel, *Ulmer v. Chancellor*,
691 F.2d 209, 212 (5th Cir. 1982); and it did not err by not
conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179
(5th Cir. 1985). Finally, Johnson had all the notice to which he
was entitled prior to the entry of summary judgment. *Martin v.*
*Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

The summary judgment is, therefore,

**AFFIRMED.**