IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10977
Summary Calendar
_____

CLYDE CHASE,

                                        Plaintiff-Appellant,

versus

U.S. BUREAU OF PRISONS,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-339-E
- - - - - - - - - -

September 2, 1999

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Clyde Chase appeals the grant of the defendant's motion to
dismiss and for summary judgment in his action claiming that
prison officials and physicians were indifferent to his serious
medical needs.  Chase argues that the district court erred by
denying his motion to return his case to Connecticut; that the
district court erred by failing to notify him that he had 14 days
to respond to the defendant's motion to dismiss or for summary
judgment; that he was not allowed to present evidence supporting

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his claims; that the district court erred by construing his complaint as raising official-capacity claims only; and that officials and physicians were deliberately indifferent to his serious medical needs.

First, the district court did not err by denying Chase's motion to return his case to Connecticut. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987). Second, the district court need not have given Chase any particularized notice regarding the defendant's dispositive motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Third, Chase has failed to brief his contention that he was not allowed to present evidence. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Fourth, the summary judgment evidence demonstrated the absence of any genuine issues of material fact regarding whether the prison officials and physicians indicated in Chase's amended complaint were deliberately indifferent to his serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Any error in failing to consider Chase's amended complaint as raising individual-capacity claims, *see Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999), therefore is harmless.

AFFIRMED.