IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10788
Summary Calendar
_____

MARK D. WEIR,

Plaintiff-Appellant,

versus

T.D. TRAMEL; TARRANT COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-327-Y
--------------------
January 25, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Mark D. Weir, Texas prisoner # 610870, appeals the district court's grant of defendant Tramel's motion for summary judgment in this 42 U.S.C. § 1983 action. Weir's motion for appointment of counsel is DENIED. Weir argues that there is a factual dispute about how many times Tramel told him to put his hands out the window, regarding the fact that he was in the process of putting his hands out when Tramel fired the shot, and whether Tramel had probable cause to stop the vehicle. He contends that

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his allegations show a needless use of force. He argues that the stop based on traffic warrants did not justify a use of force. He argues that Tramel had no factual basis to believe that he had a weapon. He contends that he was no threat to Tramel inside of his vehicle while Tramel remained near the rear of the vehicle. He argues that a reasonable officer would not have felt that his life was in danger.

Tramel's actions were objectively reasonable. Under the circumstances, a reasonable officer could well fear for his safety. Officer Tramel had stopped a vehicle on outstanding warrants and had ordered the driver to place his hands in view several times. The driver appeared to Tramel to be reaching down for something. The driver made eye contact with Tramel but did not comply with his directions to show his hands. Then the driver turned towards the open window. Tramel believed that the driver was trying to reach for a weapon and fired his weapon. Such a belief was not unreasonable. See Reese v. Anderson, 926 F.2d 494, 500-01 (5th Cir. 1991) (vehicle occupant's actions in repeatedly reaching down in defiance of officer's orders to raise hands made it reasonable for officer to fear for his safety and to use deadly force).

Weir's explanation regarding why he did not raise his hands, because the transmission would not shift to park, does not affect the analysis and does not create a genuine issue of material fact which would preclude summary judgment for the defendant. Tramel could not see and could not know why Weir's hands remained out of sight. Even if accepted as true, that fact is irrelevant. See

Reese, 926 F.2d at 501 (fact that plaintiff was actually unarmed was irrelevant; plaintiff's actions alone could cause a reasonable officer to fear imminent and serious physical harm).

Weir argues that the district court denied him adequate notice of the summary judgment requirements and date deadlines to file motions, depositions, and responses. He contends that he met all of the requirements of the initial scheduling order. He states that he was not given the required 10-day notice of a summary judgment hearing.

The district court had no duty to inform Weir that summary judgment could be granted if he did not respond to the defendant's motion for summary judgment. See Martin v. Harrison County Jail, 975 F.2d 192. 193 (5th Cir. 1992)("[P]articularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant."). Further, although it was not timely filed, the district court did consider Weir's response.

Weir argues that the district court should have allowed him the opportunity to conduct discovery before granting summary judgment. None of the requested discovery would affect the conclusion that Tramel acted reasonably under the circumstances and was entitled to summary judgment. The requested discovery does not bear on the critical fact that Weir, for whatever reason, failed to raise and to show his hands to Tramel as ordered. The district court did not abuse its discretion in

denying Tramel's motion for discovery.  <u>Richardson v. Henry</u>, 902 F.2d 414, 417 (5th Cir. 1990).

Weir argues that the district court should have allowed him to amend his complaint to add a Fourth Amendment claim.  In his more definite statement, Weir characterized his constitutional claim for the excessive use of force during arrest as arising under the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment.  The law is clear that such claims arise under the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989).  Weir's characterization of his claim was irrelevant to the district court's analysis, which properly used the reasonableness standard required under the Fourth Amendment as argued in Tramel's motion for summary judgment.  An amendment to Weir's complaint was unnecessary.

AFFIRMED.