# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-20420
Summary Calendar

_____

**MIKE CARTER,**

Plaintiff-Appellant,

**versus**

**RANDY B. GLASGOW; LARRY R. SHIMEK,**

Defendants-Appellees.

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (H-98-CV-1830)
_____

July 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mike Carter (Texas prisoner #655235) appeals, *pro se*, his 42 U.S.C. § 1983 action being dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. *Carter v. Glasgow*, No. H-98-1830 (S.D. Tex. 17 Mar. 1999). Carter's action, initially filed in Texas state court, was removed to federal district court.

Carter contends that: the district court dismissed his complaint "without notification of its intent"; when his complaint was dismissed, he was trying to obtain legal representation; and his complaint was dismissed before he had the opportunity to move for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appointment of counsel and for Rule 11 sanctions against defendants, and to file objections to the motion to dismiss.

The district court did *not* provide Carter an opportunity to amend his complaint prior to ruling on the Rule 12(b)(6) motion. The circumstances of the case, however, indicate that Carter had pleaded his best case. *See **Morin v. Caire***, 77 F.3d 116, 121 (5th Cir. 1996). Prior to removal, Carter twice amended his complaint in Texas state court. The second amendment was in response to a sustained special exception that Carter had failed to state any legal cause of action against defendants. Because Carter had a fair opportunity to plead his best case in his amended pleadings, remand for yet another opportunity to amend is unnecessary. *See **Morrison v. City of Baton Rouge***, 761 F.2d 242, 244-46 (5th Cir. 1985).

Furthermore, the motion to dismiss was filed in June 1998; Carter did *not* respond; and the district court did *not* grant the motion until March 1999, nine months after filing. Given that Rule 6 of the Local Rules for the Southern District of Texas discusses the procedures for opposing motions and provides the time frames for the disposition of opposed and unopposed motions, Carter's contention that the district court dismissed his action without notification of its intent to do so is unavailing. *See **Martin v. Harrison County Jail***, 975 F.2d 192, 193 (5th Cir. 1992).

Carter also contends that the district court erred when it adopted facts from defendants' motion contrary to allegations in his complaint. He fails, however, to identify any specific examples. Although he mentions some purported factual discrepancies, he refers

to exhibits attached to his appellate brief, rather than to his complaint, to prove that the district court failed to adopt his version of the facts.  Because a district court is limited to the complaint when considering a Rule 12(b)(6) motion for failure to state a claim, *see* **Jackson v. City of Beaumont Police Dep't**, 958 F.2d 616, 618 (5th Cir. 1992), Carter has *not* shown that the district court failed to accept his factual allegations.  (In fact, to the extent that the district court mentioned any disputed factual allegations, it did so only as background information in discussing the events leading up to the filing of the instant action.  The district court did *not* rely on any disputed allegations in determining that Carter failed to state a claim upon which relief could be granted.)

Finally, Carter challenges the district court's determination that he failed to allege the violation of a clearly established constitutional right.  He maintains that a § 1983 complaint states such a violation if it alleges that state officials *intentionally* concealed information crucial to a person's ability to obtain redress through the courts.  Carter, however, did *not* allege that defendants *intentionally* concealed information.  Rather, he maintained that the failure to provide information was the result of defendants' failure to comply with their duties under the Texas Private Investigators and Private Security Agencies Act.  Carter's allegations established, at most, that defendants were negligent; this does *not* state the requisite intentional act.

**AFFIRMED**

- 3 -