IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10998
Summary Calendar
_____

PATRICK EUGENE SANDERS,

Plaintiff-Appellant,

versus

MICHAEL PHILLIPS; ET AL.,

Defendants,

DEBORAH JAMIES, Medical Supervisor,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-251-A
_____

February 23, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Patrick Eugene Sanders, Texas inmate #0204595, proceeding *pro se* and *in forma pauperis*, appeals the district court's grant of summary judgment. Sanders' motion for appointment of counsel on appeal is DENIED.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanders contends that he did not know that he should have filed a response to Jamies' motion for summary judgment, and the district court did not notify him that he should file a response.

We review a grant of summary judgment *de novo*, including the question whether proper notice was provided. *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993). The notice requirements of Fed. R. Civ. P. 56 are satisfied by a court's local rules that require a response to a summary judgment motion to be filed within a specified period. *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1020 (5th Cir. 1993). "[P]articularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a *pro se* litigant. The notice afforded by the Rules of Civil Procedure and the local rules [is] . . . sufficient." *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

The local rules for the Northern District of Texas allow twenty days to respond to a summary judgment motion from the date the motion is filed. N.D. Tex. Civ. R. 7.1(e). The district court allowed more than twenty days after the filing of the motion for summary judgment before it issued a ruling.

Summary judgment is proper if the pleadings and discovery on file, together with any supporting affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party makes the showing that there is no genuine

issue, the burden shifts to the nonmovant to produce competent summary judgment evidence that demonstrates the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e).

Sanders contends that Jamies acted with deliberate indifference to his medical needs and denied him treatment for his back pain. The Eighth Amendment's prohibition against "cruel and unusual punishment" protects an inmate from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Negligence does not give rise to a 42 U.S.C. § 1983 cause of action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Sanders' medical records demonstrate that he received treatment for his medical complaints. Sanders' disagreement with the treatment he received does not state a cognizable claim under 42 U.S.C. § 1983. *See Varnado*, 920 F.2d at 321. Sanders may not recover under 42 U.S.C. § 1983 based on theories of vicarious liability or respondeat superior. *See Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979). The district court's judgment is AFFIRMED.

AFFIRMED; MOTION DENIED.