IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10436
Conference Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff-Appellee,

versus

REDBANK PETROLEUM, INC.; ET AL.,

                                        Defendants,

BRENT A. WAGMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1267-M
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     The Securities and Exchange Commission (Commission) filed a

civil law enforcement action against Brent A. Wagman and others,

including corporations, alleging that they had offered and sold

unregistered securities in violation of various securities acts.

The district court found that the Commission had served Wagman

with a motion for summary judgment in accordance with Fed.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

R. Civ. P.(5)(b) and granted summary judgment in favor of the Commission permanently enjoining Wagman from violating the federal securities laws and ordering him to pay disgorgement of approximately $24,000,000 and a civil penalty of $110,000.

Although Wagman asserts that the district court erred in proceeding with summary judgment because he was not served with the summary judgment motion, he does not dispute that the Commission served the suit both by mail and hand delivery in accordance with Fed. R. Civ. P. 5(b). This issue has no merit. See Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1168 n.5 (5th Cir. 1980); Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).

Wagman argues that summary judgment was not appropriate because the Commission presented statements made under penalty of perjury rather than sworn affidavits to support the motion for summary judgment. 28 U.S.C. § 1746 specifically authorizes the use of statements made under penalty of perjury in lieu of sworn affidavits. This issue is frivolous.

Wagman asserts that the district court erred in granting summary judgment because there are genuine issues for trial. In support of the motion for summary judgment, the Commission submitted a statement of undisputed facts supported by affidavits and authenticated documents establishing Wagman's violation of the antifraud provisions of the federal securities laws through the use of a fraudulent scheme, material misrepresentations, or material omissions in the offer, purchase, or sale of securities. See Aaron v. SEC, 446 U.S. 680, 687-89 (1980); Ernst & Ernst v.

<u>Hochfelder</u>, 425 U.S. 185, 194-215 (1976). Wagman presented no evidence in the district court to contradict the documents submitted by the Commission. On appeal, Wagman raises instances of alleged inconsistencies and omissions regarding the Commission's summary judgment evidence. The inconsistencies and omissions he identifies do not undermine the summary judgment evidence that he engaged in a type of Ponzi scheme by selling securities of companies with no assets. Wagman did not produce any evidence to establish an issue of material fact for trial in the district court and has not shown on appeal that the district court erred in concluding that no such issue exists. Fed. R. Civ. P. 56; <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

AFFIRMED.