IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10175
Summary Calendar
_____


RONALD R. MEADOR, also known as Ronald Richard Meador,

                                        Plaintiff-Appellant,

versus

JOHN FINCHER, Jailer; MARY BARRON, Lieutenant, Jail
Administrator; GLEN SMITH, Sheriff; SCOTT MARTIN, Chief Deputy;
DANNY HUTCHIN, Sergeant; RANDY CLARK; RODNEY JAMES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CV-70-BG
--------------------
November 12, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Ronald R. Meador, Texas state inmate #867468, appeals the

dismissal of his 42 U.S.C. § 1983 civil rights action against

various Brown County Jail officials for failing to protect him

from an attack by other inmates and for failing to supervise

subordinate officials.  Meador contends that the magistrate judge

("MJ"), before whom the parties consented to proceed, abused her

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discretion in various ways during the pretrial proceedings and erred in granting motions for summary judgments filed by several of the defendants. Meador has failed to assert, and has therefore abandoned, any challenge to the MJ's dismissal of his claims against Mary Barron and his official-capacity claims against Scott Martin, Danny Hutchins, and Glen Smith for failure to state a claim. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

There is no merit to Meador's contentions that the MJ abused her discretion in various ways during the pretrial proceedings. Because an evidentiary hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319, 324, n.3 (1989), is intended not as a discovery tool for prisoners, but as a forum for digging beneath a prisoner's conclusional allegations, the MJ did not abuse her discretion in conducting the hearing outside of the defendants' presence. See Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990); Wilson v. Barrientos, 926 F.2d 480, 483 (5th Cir. 1991). Meador has failed to show exceptional circumstances warranting the appointment of counsel, and, thus, the MJ did not abuse her discretion in denying Meador appointed counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). Since Meador has failed to identify which of his allegations were not liberally construed or to explain what those allegations should have been construed to suggest, Meador has not

shown that the MJ erroneously failed to construe his pro se pleadings liberally. As the MJ's grant of summary judgment was based not on credibility determinations but on Meador's failure to provide evidence controverting that submitted by the defendants, the MJ did not improperly decide credibility issues on summary judgment. Finally, the MJ did not abuse her discretion in denying Meador's motion for default judgment, as Meador failed to show extreme circumstances warranting such a drastic remedy. See Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001).

Meador's various challenges to the MJ's grant of summary judgment are likewise without merit. Even assuming that there are genuine factual disputes regarding whether the inmates who attacked Meador forced open the jail's security gate and which jail officials first arrived on the scene of the attack, Meador has failed to explain why those issues are material in this case. See Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991) (holding that summary judgment is proper when there is no genuine issue as to any material fact). Despite Meador's suggestion to the contrary, the decision of Farmer v. Brennan, 511 U.S. 825, 842 (1994), does not mandate that the issue of deliberate indifference be decided in a trial setting. The MJ was not required to warn Meador of the consequences of failing to respond to the summary-judgment motions, as the notice provided by the Federal Rules of Civil Procedure and the Local

Rules is sufficient.  <u>See</u> <u>Martin v. Harrison County Jail</u>, 975 F.2d 192, 193 (5th Cir. 1992).  Finally, the MJ did not abuse her discretion in granting summary judgment without allowing Meador further discovery, as Meador failed to explain how additional discovery would reveal the existence of a genuine issue of material fact.  <u>See</u> <u>Krim v. BancTexas Group, Inc.</u>, 989 F.2d 1435, 1441-42 (5th Cir. 1993).

In light of the foregoing, the judgment is AFFIRMED.