**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30879
Summary Calendar
_____

CHARLES TREECE,

                             Plaintiff-Appellant,

versus

STATE OF LOUISIANA, ET. AL.,

                             Defendants,

WARREN SPEARS, of the Clerk's Office
for the Criminal District Court,

                             Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1567-T
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Charles Treece, Louisiana prisoner # 349233, appeals the

district court's grant of summary judgment in favor of Warren

Spears and the dismissal of his 42 U.S.C. § 1983 claim against

Spears, which alleged that Spears, the director of the property

room for the Orleans Parish Criminal District Court, violated his

procedural due process rights by releasing cash seized in

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

connection with his arrest to a third party and by continuing to retain the remainder of the property seized in connection with his arrest.  His claims under the remaining federal and state statutes cited in his original and amended complaints and his claims against the remaining defendants have been abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Treece argues that the district court failed to give him notice of the requirements for a summary judgment before granting Spears' summary judgment motion.  FED. R. CIV. P. 56(c) requires that the adverse party have at least ten days to respond to the summary judgment motion.  See Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).  Treece had more than ten days to respond to the motion for summary judgment, and he did so. Treece's arguments that the district court was biased and that the district court erred in denying his motions for appointment of counsel are likewise without merit.  See Litkey v. United States, 510 U.S. 540, 555-56 (1994); Nethery v. Collins, 993 F.2d 1154, 1157 (5th Cir. 1993); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  In addition, we do not consider Treece's claim that the state judge who ordered the release of the seized cash to a third party is liable because the judge was not named as a defendant in the instant case.

This court reviews the grant of a motion for summary judgment de novo.  Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996).  Treece's argument that Spears was liable

under 42 U.S.C. § 1983 in his official capacity is without merit because he has failed to identity an official policy or custom which caused the deprivation of a constitutional right. See Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 694 (1978); see Bennett v. Pippin, 74 F.3d 578, 584 (5th Cir. 1996). He has also failed to argue to this court that Spears was liable under 42 U.S.C. § 1983 in his individual capacity, and, thus, this argument has been abandoned. See Yohey, 985 F.2d at 224-25.

Even if the arguments in his brief are liberally construed as raising a claim that Spears was liable in his individual capacity, however, the claim has no merit. Treece argues that the court order which allowed Spears to release the seized cash to a third party is "bogus" because there was no legal authority for the court to do this. This argument is without merit. See La. R.S. 15:41; La. R.S. 33:2333. His argument that the release of the cash required a forfeiture hearing is also without merit. Id. Although Treece argues that the cash was not stolen and that the cash represented proceeds from the sale of his home, this does not show that he was denied procedural due process by Spears.

Even if the cash was not stolen, it could be released only upon motion contradictorily with Spears. See La. R.S.15:41(C). Treece argues that, contrary to the district court's finding and Spears' affidavit, he has requested his property from the state

court, and this assertion is supported by the summary judgment record. The record also indicates, however, that his requests to the state court for the return of his property were denied. The fact that Treece may disagree with the state court's rulings does not show that Spears has violated his procedural due process rights by continuing to retain his property.

Accordingly, as Treece has failed to show that Spears was liable under 42 U.S.C. § 1983 or any of the other federal or state statutes cited in his original and amended complaints, the district court's grant of summary judgment is AFFIRMED. Treece's "Supplement to Motion for Default Judgment" is construed as a motion to file a supplemental brief and is GRANTED. His motion for oral argument is DENIED.

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; MOTION FOR ORAL ARGUMENT DENIED.