**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 02-21339
Summary Calendar

—————————

MARCIA HALE,

Plaintiff - Counter Defendant-Appellant,

versus

BURNS INTERNATIONAL SECURITY SERVICES CORPORATION,

Defendant - Counter Plaintiff- Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H:01-CV-3423
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marcia Hale initiated this action against her employer, Defendant-Appellee Burns International Security Services Corporation (Burns), alleging that she was denied a promotion because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Burns filed a motion for summary judgment arguing that Hale failed to meet her prima facie burden demonstrating gender discrimination, and the district court granted summary judgment in favor of Burns.  Hale appeals now from that final order, contesting the district court's legal conclusion that she failed to establish a prima facie case of gender discrimination. Hale also argues that the district court erred in failing to give her notice of the procedural requirements regarding motions for summary judgment, and that the district court erred in failing to *sua sponte* appoint her counsel. However, Hale is in error on all three points.[1]

First, this Court reviews a granting of summary judgment *de novo. Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). In the instant case, summary judgment is properly granted if Burns, as the movant, demonstrates the absence of a dispute of material fact, and if, in rebuttal, Hale fails to demonstrate that a dispute of material fact exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To establish gender discrimination pursuant to Title VII under the circumstantial evidence burden-shifting framework, a

---

[1] Hale also challenges the district court's evidentiary rulings in which the district court properly excluded unauthenticated exhibits as inadmissible hearsay. However, Hale fails to direct this Court to any basis for disagreement with the district court's hearsay conclusion, and consequently Hale's argument lacks merit.

plaintiff must show that (1) she is a member of a protected class; (2)she was qualified for the position in question; (3) she was not chosen for the position in question; and (4) the position was filled by someone outside the protected class, or other indicia that she was denied the position because of her sex. *Rutherford v. Harris County, Tex*., 197 F.3d 173, 179 (5th Cir. 1999). Here, the district court correctly found that Hale failed to establish the second prong of her prima facie case of discrimination, as she failed to provide evidence that she had the particular communication skills which the position she sought specifically required. Therefore, the district court did not err in granting summary judgment in favor of Burns.

Next, Hale is incorrect in asserting that the district court was required to apprise her of the procedural requirements concerning summary judgment. On the contrary, this Court has consistently held that the Federal Rules of Civil Procedure and the relevant local rules of the district court are sufficient to provide pro se litigants with notice of the requirements of summary judgment. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

Finally, Hale's claim that the district court was required to *sua sponte* appoint her counsel is not only incorrect, but is indeed somewhat audacious considering the detailed colloquy which occurred between the district court and Hale, concerning Hale's

3

lack of counsel. Upon authorizing the withdrawal of Hale's counsel, the district court stated from the bench that further action in the case was suspended for 30 days "in order to permit Mrs. Hale the opportunity to retain other counsel and to make an appearance herein." The district court also observed that Hale was free to represent herself, "as is every citizen's right." The district court then specifically asked Hale if she wished to retain new counsel, to which Hale responded: "I've lost my faith in counsel. I'll probably end up representing myself...." Hale now urges this Court to find that the district court was obliged to *sua sponte* appoint counsel to represent her despite Hale's express wishes to the contrary. This contention is obviously without merit.

Therefore, for the reasons stated herein, the judgment of the district court is AFFIRMED.