United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20415
Conference Calendar

_____

JASON LEON RAY,

                              Plaintiff-Appellant,

versus

S. EDGAR, Deputy Sheriff; TOMMY THOMAS, Sheriff; HARRIS COUNTY
SHERIFF'S DEPARTMENT; COUNTY OF HARRIS, TEXAS,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2913
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jason Leon Ray, Texas prisoner # 955809, appeals from the
district court's grant of summary judgment in favor of defendants
S. Edgar and Tommy Thomas on Ray's excessive force claims under
42 U.S.C. § 1983.  Ray argues that the district court erred in
granting the defendants' summary judgment motion prior to
receiving his response.  Ray notes that he was proceeding pro se
in the district court, and he contends that he was never informed
of a time limit to respond to the defendants' motion for summary

-------------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment and that he was ignorant of the local rules of the district court.

The sole notice requirement when a motion for summary judgment has been filed is that the motion must be served at least 10 days before the summary judgment hearing is held. See FED. R. CIV. P. 56(c); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1293 n.11 (5th Cir. 1994). A court satisfies the notice requirements of Rule 56 if local rules require that a response to a summary judgment motion be filed within a specified period. See Rodriquez v. Pacificare of Tex., Inc., 980 F.2d 1014, 1020 (5th Cir. 1993). The local rules of the district court provide sufficient notice for a pro se litigant such as Ray. See S.D. TEX. CIV. R. 7.3 & 7.4; Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).

Ray also argues that the district court would not have granted summary judgment had it considered the evidence presented in his late-filed response to the defendants' summary judgment motion. In considering an argument that the grant of summary judgment was improper, this court considers "only the evidence that was in front of the district court." Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). Because Ray has failed to provide a "valid excuse" for his failure to produce the evidence prior to the district court's ruling on the summary judgment motion, he has not shown that he is entitled to relief. See id. at 1052.

The judgment of the district court is AFFIRMED.