# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-11060
Summary Calendar

DALE MICHELE STINGLEY

Plaintiff-Appellant

v.

DEN-MAR INC; RAIL UNLIMITED INC

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-cv-673

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Dale Michele Stingley, *pro se*, appeals the district court's order granting summary judgment to Defendants-Appellees Den-Mar, Inc. and Rail Unlimited, Inc. (collectively "Den-Mar") on her sexual harassment and retaliation claims under Title VII. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2006, Stingley began working as a clerk at Den-Mar under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the supervision of John Muldrow. One month later, Stingley reported to Den-Mar's human resources director, Kenneth Doake, that Muldrow had been sexually harassing her. That afternoon (a Friday), Doake contacted Muldrow to advise him of the complaint. The following Tuesday, Muldrow stopped reporting to work. As of the second no-show day, he effectively resigned per company policy. Doake promptly notified Stingley of Muldrow's resignation, and she agreed with Doake that further action was unnecessary. Ron French became Stingley's new supervisor.

On December 30, 2006, Stingley sent Doake another letter to report disagreeable conduct by a coworker, Nina Tillmon. In the letter, Stingley stated that she felt uncomfortable when Tillmon engaged in extensive phone calls with Muldrow at the office, allegedly discussing what had happened to him. She further alleged that Tillmon—as a result of these calls—maliciously disparaged her to other co-workers, causing at least one other person to treat her less cordially and implied that Tillmon's actions were leading to an untenable work environment. Due to severe weather problems delaying mail delivery, Doake received the letter on January 18, 2007, and quickly asked French to investigate the matter. On January 25, 2007, French met with Tillmon to discuss his investigation. The next day, Tillmon abandoned her position and effectively resigned. Thereafter, Stingley reported no further acts of harassment or retaliation to Doake.

On March 7, 2007, French contacted Doake to suggest eliminating the clerk position, along with a permanent layoff of Stingley, purportedly as part of a company-wide plan to cut costs after the loss of a lucrative contract. Doake agreed and scheduled Stingley's employment termination for March 17, 2007. On March 12, 2007, Stingley left French a note on his desk, in which she objected to his "rude and moody" treatment of her. This led French to contact Doake the next day and suggest accelerating her termination. Doake responded

that, despite the note, they would "stay with the plan." Den-Mar terminated Stingley's employment on March 17, 2007, as scheduled.

After submitting a complaint to the EEOC and receiving a Dismissal and Notice of Rights, Stingley timely filed suit against Den-Mar asserting three Title VII claims, which she characterized as sexual harassment, hostile work environment, and wrongful termination. Den-Mar later moved for summary judgment on Stingley's claims. The district court denied summary judgment on Singley's sexual harassment claim but granted Den-Mar's motion for summary judgment on her remaining claims.

The district court later ordered Stingley to present evidence on a necessary (but unchallenged) element of the sexual harassment claim—that the alleged harassment affected a term or condition of her employment—to avoid a *sua sponte* grant of summary judgment for Den-Mar on that claim as well. Stingley filed a motion for reconsideration of the first summary judgment order and a response to the court's *sua sponte* order regarding her sexual harassment claim. The district court denied Stingley's motion for reconsideration, granted summary judgment in favor of Den-Mar on Stingley's sexual harassment claim, and entered a final judgment dismissing all of her claims. Stingley timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review the final judgment of the district court pursuant to 28 U.S.C. § 1291.

We review the grant of summary judgment de novo, applying the same standard as the district court. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007). A district court's grant of summary judgment is proper when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); s*ee also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We may affirm summary judgment, regardless of the district court's rulings, if the record

contains an adequate and independent basis for that result. *Degan v. Ford Motor Co.*, 869 F.2d 889, 892 (5th Cir. 1989).

## III. DISCUSSION

Because Stingley proceeds *pro se*, we construe her arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Broadly construing Stingley's brief, she argues that (1) the district court erred in granting summary judgment on her sexual harassment claim *sua sponte*, (2) a genuine issue of material fact existed on her sexual harassment claim, (3) the district court erred in "merging" her retaliation and retaliatory discharge claims, and (4) the district court erred in granting summary judgment on her retaliation and retaliatory discharge claims on grounds different from those that Den-Mar raised.

## A.    Sexual Harassment Claim

We first address the issues concerning Stingley's sexual harassment claim. To establish a prima facie case of sexual harassment by a supervisor under Title VII, an employee must show: "(1) that [she] belongs to a protected class; (2) that [she] was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition, or privilege of employment." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008) (quotation marks omitted). The district court notified Stingley of its intention to *sua sponte* grant summary judgment on Stingley's sexual harassment claim. After considering her response, the court held that Stingley had failed to establish a genuine issue of material fact as to whether the alleged harassment affected a term or condition of her employment. We agree.

Stingley first argues that the district court erred in acting *sua sponte* to

grant Den-Mar summary judgment on her sexual harassment claim.[1]  It is well settled that a district court can grant summary judgement *sua sponte* so long as the adverse party had adequate notice to come forward with all of its evidence.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770–71 (5th Cir. 2000).  A court provides a party with adequate notice by adhering to the same time frame prescribed for a party's motion for summary judgment, which is at least ten days before the day set for the hearing.  *See Love*, 230 F.3d at 770; *see also* FED. R. CIV. P. 56(c).  Here, the district court notified Stingley—in an order dated September 12, 2008—to "file whatever she wishe[d] to file" by September 26, 2008, on whether it should make a *sua sponte* ruling.  Because the court provided Stingley ten business days (within which she in fact filed a response) and implicit instructions to present sufficient evidence, we find she had adequate notice.  Therefore, the district court did not err in acting *sua sponte* to grant summary judgment on Stingley's sexual harassment claim.

Stingley also argues that she presented genuine issues of material fact that warranted the denial of summary judgment on her sexual harassment claim.  Upon receiving the district court's notice of potential *sua sponte* ruling, which pointed out a lack of evidence that the alleged harassment affected a term or condition of Stingley's employment, Stingley bore the burden of going beyond her pleadings and presenting sufficient evidence to the contrary.  *See Celotex*, 477 U.S. at 325.  To do so, she had to present evidence establishing that the alleged harassment was sufficiently severe or pervasive so as to alter her

---

[1] Stingley also asserts that the district court's *sua sponte* decision, after denying Den-Mar's motion for summary judgment on the same claim, amounts to a form of double jeopardy and abuse of discretion.  These arguments lack merit.  The Double Jeopardy Clause applies to the imposition of punishment, *see Hudson v. United States*, 522 U.S. 93, 99 (1997), and neither the district court's initial denial nor subsequent grant of summary judgment can be considered a punishment.  The district court also had inherent authority to re-examine the merits of summary judgment and could not abuse its discretion by doing so.

working conditions or create an abusive working environment. *Aryain*, 534 F.3d at 479.

This Stingley failed to do, as most of the materials she presented did not constitute competent summary judgment evidence. Federal Rule of Civil Procedure 56 sets out the standards for summary judgment and generally requires that evidence be sworn, certified, or verified material for a court to consider it. *See* FED. R. CIV. P. 56(c), (e); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Here, the competent summary judgment evidence consists of Doake's affidavit submitted in support of Den-Mar's motion, Den-Mar's thirteen referenced and verified exhibits, and Stingley's one opposing affidavit. Although Stingley's affidavit references many—but not all—of her exhibits, as well as her response to Den-Mar's motion for summary judgment, she had neither her exhibits nor her response properly sworn or certified as required. Stingley's complaint and other pleadings were similarly unverified. Thus, neither the factual allegations in Stingley's complaint or response, nor any of the facts in the unauthenticated documents attached and referred to in her affidavit, are competent summary judgment evidence.

Further, none of the competent summary judgment evidence sets forth any facts substantiating Stingley's allegations of sexual harassment. As Stingley admits, she wrote her affidavit to dispute the factual assertions in Doake's affidavit. But none of the facts Stingley disputes help her meet the burden of proving that the alleged harassment affected a term or condition of her employment. For example, Stingley disputes that her initial call to Doake occurred on November 10 instead of November 11, that Doake incorrectly recounted what he told Muldrow, and that Doake actually investigated her claim. None of these facts tend to show severe or pervasive harassment by Muldrow; rather, they reflect disputes as to whether Den-Mar promptly and

adequately addressed her complaint. The competent evidence, viewed in the light most favorable to Stingley, establishes that she reported acts of sexual harassment by Muldrow to Doake, that Doake took action in response, and that Muldrow resigned several days later. Beyond these basic facts, we will not presume as true any of Stingley's allegations and assertions because she did not present sworn statements as to Muldrow's acts of sexual harassment. In sum, none of the competent summary judgment evidence sets forth specific facts demonstrating the severity or pervasiveness of the alleged sexual harassment.

We conclude that Stingley did not present a genuine issue of material fact that would warrant a denial of summary judgment on her sexual harassment claim. We therefore affirm the district court's decision on this claim.

## B. Retaliation and Retaliatory Discharge Claims

Stingley also appeals the district court's decision on her retaliation and retaliatory discharge claims.[2] To establish a prima facie case of retaliation under Title VII, an employee must show: "(1) that she engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 754 (5th Cir. 2005) (quotation marks omitted, numbering added). Stingley asserts that the district court erred in "merging" her claims and in granting summary judgment on grounds other than those raised by Den-Mar. We need not address these issues, however, because we find that the record contains an adequate and independent basis to grant

---

[2] Stingley contends on appeal that Den-Mar mischaracterized her hostile work environment claim as a retaliation claim. But neither Stingley's complaint nor her response to Den-Mar's motion for summary judgment alleged that Tillmon's hostile treatment, individually or in concert with Muldrow, was based on her gender or any other characteristic protected under Title VII. Rather, Stingley alleged that Tillmon mistreated her because of the sexual harassment complaint against Muldrow. Stingley's further allegations in her response regarding French's conduct similarly sound of retaliation. Therefore, liberally construing Stingley's *pro se* brief, we construe her second and third claims as claims of retaliation.

summary judgment when assessing these claims on the grounds that Den-Mar did raise.

As to Stingley's retaliation claim, she contends that Tillmon and French perpetuated a hostile work environment in retaliation for Muldrow's termination due to Stingley's sexual harassment complaint. In its motion for summary judgment, Den-Mar asserted that Stingley could not prove Tillmon's alleged retaliatory conduct amounted to an adverse employment action. We agree.

An adverse employment action is one that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation marks omitted). As with Stingley's sexual harassment claim, the record contains no competent evidence to substantiate Stingley's allegation that she was subject to an adverse employment action. Stingley offered two pieces of evidence: (1) a letter she sent to Doake, reporting her belief that Tillmon maliciously talked about her and caused others to treat her less cordially, and (2) the note Stingley left on French's desk, protesting his rude and disrespectful treatment of her. But Stingley's letter to Doake does nothing to substantiate the alleged harassment, as it is only evidence that she sent a letter and not that the events described in the letter actually occurred. And Stingley's note to French, in addition to being unverified, fails to recount any specific facts regarding French's behavior. In short, we find the record insufficient to raise a genuine issue of fact as to whether Stingley suffered a materially adverse employment action for this claim. Given that Den-Mar's motion for summary judgment provided Stingley proper notice to present sufficient evidence to prove an adverse employment action, we affirm the district court's grant of summary judgment on Stingley's retaliation claim.

Finally, as to Stingley's retaliatory discharge claim, she asserts that she was terminated in retaliation for engaging in Title VII-protected activity. In its motion for summary judgment, Den-Mar argued that Stingley could not prove a causal link between the protected activity of her filing a sexual harassment complaint and her employment termination. We agree.

When a plaintiff presents no direct evidence of retaliation, she bears the initial burden of establishing a causal link "through circumstantial evidence of a retaliatory motive." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 n.6 (5th Cir. 2003). "If the plaintiff succeeds in offering circumstantial evidence in support of each element of her claim, she creates a . . . presumption of retaliation, and the burden shifts to the employer to demonstrate a legitimate reason for the adverse employment action." *Id.* "If the employer produces evidence of a legitimate reason for the action, the burden shifts again to the plaintiff to rebut the employer's non-retaliatory rationale." *Id.*

Even assuming that Stingley satisfied her initial burden, she has not shown that Den-Mar's legitimate, non-retaliatory reason for terminating her employment—to reduce its workforce after losing a lucrative contract—was pretext for an actual retaliatory reason. The only fact Stingley specifically disputes as to pretext is an inconsistency in the reason Doake provided for her discharge. In his affidavit, Doake asserted that Den-Mar lost the lucrative contract, but in his position statement to the EEOC, he asserted that Rail Unlimited—the sister company named as co-defendant—lost the lucrative contract. We find this discrepancy, without more, insufficient to cast doubt on the legitimacy of Den-Mar's business reason for terminating Stingley's employment. The same goes for the temporal proximity between any protected activity and Stingley's termination; although temporal proximity can establish a prima facie case of retaliation, it cannot—standing alone—rebut an employer's legitimate, nondiscriminatory reason for the employment action. *See*

*Strong*, 482 F.3d at 808.

Given that Den-Mar's motion for summary judgment provided Stingley with proper notice to present sufficient evidence to prove a causal link, and that she failed to do so, we affirm the district court's dismissal of Stingley's retaliatory discharge claim.

## IV. CONCLUSION

Although Stingley appears to ultimately and unknowingly lose on a procedural misstep related to the presentation of her evidence rather than on the potential merits of her claims, a district court has no obligation to provide a *pro se* litigant with particularized instructions on the requirements and consequences of summary judgment. *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). The published rules of procedure afford *pro se* litigants sufficient notice of what steps to take in a summary judgment proceeding, *see id.*, and the decision of whether to give parties the opportunity to remedy material presented for summary judgment is within the discretion of the district court, *see Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam).

Accordingly, we conclude that the competent summary judgment evidence presents neither disputed material facts nor a basis upon which a reasonable jury could return a verdict for Stingley. The absence of evidence to support Stingley's claims entitles Den-Mar to summary judgment. We therefore AFFIRM the judgment of the district court.

AFFIRMED.