# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

No. 12-30643
Summary Calendar

Lyle W. Cayce
Clerk

HENRY J. CLARK,

Plaintiff-Appellant

v.

SAXON MORTGAGE COMPANY; EXPERIAN INFORMATION SOLUTIONS,
INCORPORATED; TRANS UNION, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-65

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Henry J. Clark filed a civil complaint, asserting that Saxon Mortgage
Company had falsely provided information to the credit reporting agencies
regarding a delinquency in his mortgage payments and that Experian
Information Solutions, Inc., and Trans Union, L.L.C., had disseminated that
false information to third parties. He presented claims of negligence and fraud,
together with allegations pursuant to the Fair Credit Reporting Act and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30643

Louisiana Unfair Trade Practices Act. Clark now appeals the district court's grant of summary judgment in favor of the defendants. He asserts that the court wrongly found that a payment made by Clark in February 2008 was properly posted by Saxon to a mortgage held by Clark on a property on Elgin Street, rather than to the mortgage secured by the Mavis Street property that was ultimately reported to be delinquent. Other than this argument related to the relevant fact underlying the district court's ruling, Clark does not challenge the bases for the district court's dismissal of his statutory and tort claims in his initial brief, and any such allegations are abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that Clark raises new theories for relief for the first time in his reply brief, we decline to address the allegations. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Stephens v. C.I.T. Group/Equipment Financing, Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992).

We review the district court's grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted). Although this court draws "all justifiable inferences in the light most favorable to the nonmoving party, the non-movant must present sufficient evidence on which a jury could find in his favor." *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). Clark's conclusional assertions that Saxon posted the February 2008 payment to the wrong mortgage and that he contacted the company to get it to correct this purported error are insufficient to defeat summary judgment. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000).

2

In addition, Clark contends that he is entitled to reversal because his retained attorneys failed to obtain discovery or properly certify evidence for the record before withdrawing from the case and because his ultimate pro se status prevented him from understanding what he needed to do to counter the defendants' summary judgment motions. To the extent he is arguing that his attorneys rendered ineffective assistance, the Sixth Amendment right to counsel does not apply in civil cases, and the attorney's actions are attributable to his client. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288-89 (5th Cir. 1985). To the extent that Clark is arguing that the district court should have provided him with specific instructions about proceeding against a summary judgment motion because he was pro se, no such duty existed. *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

Clark has not shown the existence of a genuine issue of material fact relating to his case. *See* Rule 56(a), (c). As a result, the judgment of the district court is AFFIRMED. Clark's motion for extraordinary relief is DENIED.