# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

GRAEME MATTHEW PIERSON,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-1143

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Graeme Matthew Pierson, federal prisoner # 09073-030, filed a medical malpractice and gross negligence claim against the Government under the Federal Tort Claims Act (FTCA), alleging that the federal prison's medical staff failed to provide him adequate care, evaluation, and treatment in relation to three strokes he allegedly suffered during his imprisonment. The Government moved for summary judgment, which the district court granted. Pierson then

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sought leave to file an amended medical expert opinion.  The district court construed the motion as seeking reconsideration and denied relief.  Pierson now appeals the grant of summary judgment and the denial of his motion for reconsideration.  We review de novo the district court's grant of summary judgment.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  We construe Pierson's motion for reconsideration as a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment and review the denial of that motion for an abuse of discretion.  *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 181-82 (5th Cir. 2012).

State law controls the liability for medical malpractice under the FTCA.  *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985).  Under Texas law, in a medical malpractice action, the plaintiff must prove (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation.  *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003).  Expert testimony is generally required to prove the applicable standard of care.  *Id.*  An expert is not necessary where "the mode or form of treatment is a matter of common knowledge or is within the experience of the layman."  *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

The district court granted summary judgment against Pierson based on his failure to produce admissible expert witness testimony, as neither letter of his purported medical experts was in affidavit form or made under penalty of perjury.  Pierson, however, fails to address this determination and thus has abandoned any challenge to that ruling.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Moreover, contrary to his argument that the diagnosis and treatment for a possible stroke is common knowledge, Pierson was required to present expert testimony to establish the applicable standard of care.  *See*

*Hood*, 554 S.W.2d at 165-66.  Additionally, to the extent Pierson contends the Bureau of Prisons violated its own policy regarding observation rooms, expert testimony was still required because a health care facility's internal policies and procedures do not alone determine the governing standard of care.  *See Quijano*, 325 F.3d at 568; *Mills v. Angel*, 995 S.W.2d 262, 268 (Tex. App. 1999). As it is uncontested that Pierson did not produce admissible expert testimony, summary judgment was appropriate.  *See Quijano*, 325 F.3d at 567.

Further, the district court did not abuse its discretion in denying Pierson's Rule 59(e) motion because Pierson relies on evidence plainly available to him before summary judgment, *see Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004), and his pro se status does not excuse his purported lack of knowledge concerning the necessary steps in a summary judgment proceeding, *see Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992).  In addition, the letter attached to the Rule 59(e) motion failed to explain with specificity the applicable standard of care, and it did not identify how any specific injury sustained by Pierson would have been prevented or lessened had he received appropriate care sooner.  Thus, the report was insufficient to create a genuine issue of fact on matters for which expert testimony was required in this case.  *See Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012); *Quijano*, 325 F.3d at 567.

The judgment of the district court is AFFIRMED.