IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-20103
Summary Calendar

KAREN BETH HENSLEY

Plaintiff - Appellant

v.

WAL-MART STORES INC doing business, as Wal-Mart
Supercenter Store #5091

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2068

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Karen Hensley brought this slip-and-fall action against Wal-Mart Stores, Inc. ("Wal-Mart"). The district court granted summary judgment in favor of Wal-Mart, and Hensley appeals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

While grocery shopping at Wal-Mart Store #5091 in Houston, Texas, Hensley slipped and fell on a light green liquid on the floor in the meat department, causing her to sustain personal injuries. Prior to her fall, Hensley did not see the liquid, which she described as a "fine line" of more than one foot in length. Hensley alleged that, before the incident, two Wal-Mart employees were entering and exiting a door within approximately five feet of where she fell. Hensley also alleged that, after the incident, Wal-Mart made a cautionary store-wide announcement regarding the possible spill.

Hensley filed a negligence suit against Wal-Mart in a Texas state court. Wal-Mart removed the case to federal court based on diversity of citizenship. Wal-Mart moved for summary judgment, arguing that it did not have knowledge of any allegedly dangerous condition existing on its premises at the time of Hensley's fall.[1] Hensley never responded to this motion. The district court granted summary judgment in favor of Wal-Mart. Hensley appeals.

## II. DISCUSSION

This court has consistently held that arguments not raised in response to a motion for summary judgment are waived and cannot be considered on appeal. See, e.g., Keelan v. Majesco Software, Inc., 407 F.3d 332, 339–40 (5th Cir. 2005). Because Hensley admittedly failed to respond to Wal-Mart's motion for summary judgment in the district court, she has waived any argument based on the undisputed facts in opposition to Wal-Mart's motion for summary judgment and we need not consider her appeal.

Nevertheless, even if we consider Hensley's argument, Wal-Mart is entitled to summary judgment. We review the district court's grant of summary judgment in favor of Wal-Mart de novo. See Richardson v. Monitronics Int'l, Inc.,

---

[1] Wal-Mart submitted Hensley's deposition as an attachment to its motion, which was the only evidence considered by the district court.

434 F.3d 327, 332 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "We consider the evidence in a light most favorable to [Hensley], the non-movant, but she must point to evidence showing that there is a genuine fact issue for trial" in order to survive summary judgment. Richardson, 434 F.3d at 332.

"In this diversity case, Texas law applies and under it [Hensley] is Wal-Mart's invitee." Odom v. Wal-Mart Stores, Inc., 32 F.3d 566, 1994 WL 442488, at *1 (5th Cir. Aug. 2, 1994) (citing Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)).

> To recover from Wal-Mart, [Hensley] bears the burden of proving that (1) Wal-Mart had actual or constructive knowledge of some condition on its premises; (2) the condition posed an unreasonable risk of harm; (3) Wal-Mart failed to exercise reasonable care to reduce or eliminate the risk; and (4) its failure to use reasonable care proximately caused her injuries.

Id. (citing Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin, 648 S.W.2d at 296); see also Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). The district court found that Hensley produced no evidence to prove that Wal-Mart had actual or constructive knowledge of a dangerous condition on its premises at the time of her fall, and we agree.

To establish that Wal-Mart had actual or constructive knowledge of the liquid on the floor, Hensley must show that at least one of the following three situations existed: (1) Wal-Mart placed the liquid on the floor; (2) Wal-Mart actually knew the liquid was on the floor; or (3) it was more likely than not that the liquid was on the floor long enough to give Wal-Mart a reasonable opportunity to discover it. See Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002) (citing Gonzalez, 968 S.W.2d at 936; Keetch, 845 S.W.2d at 265).

Because Hensley did not present any evidence that Wal-Mart placed the liquid on the floor or actually knew that the liquid was there, she had to prove that the liquid had been on the floor for a sufficient period of time such that Wal-Mart would have had a reasonable opportunity to discover it. This court has explained that this

> so-called "time-notice rule" is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.

Id. at 816 (citation omitted). As a result, this court has held that "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." Id.

Hensley failed to produce any temporal evidence. She did not provide evidence to identify the liquid, state where it came from, indicate how it got on the floor, or otherwise submit information as to how long it was there before the incident. There was also no evidence that the liquid was conspicuous—Hensley admitted that she never saw a collection or a puddle of the liquid, and she stated that it "wasn't all over the floor." The evidence as to the purported proximity of Wal-Mart employees to the liquid prior to the incident by itself is insufficient to establish constructive knowledge. Moreover, the fact that Wal-Mart made a cautionary store-wide announcement after the incident is irrelevant to the issue of actual or constructive knowledge. Accordingly, even considering the evidence in the light most favorable to Hensley, as we must, we hold that there is no

evidence to establish that the liquid had been there long enough to give Wal-Mart constructive knowledge of the dangerous condition, a necessary element for recovery under Texas law.

The judgment of the district court is AFFIRMED.