# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2013

No. 12-51209
Summary Calendar

Lyle W. Cayce
Clerk

JERRY STEVENS; DEBORAH STEVENS;
DAVID GEOFFRION,

Plaintiffs - Appellants

v.

JOSEPH HAYES; VICTOR MORALES; JOHN F. SMITH; UNKNOWN FOREST
SERVICE OFFICERS; TOM TIDWELL; ABIGAIL KIMBELL; UNITED
STATES FOREST SERVICE; TOM VILSACK; UNITED STATES
DEPARTMENT OF AGRICULTURE; WILLIAM RICHARDSON; STATE OF
NEW MEXICO; BARACK OBAMA; UNITED STATES OF AMERICA,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-550

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Plaintiffs-Appellants, Jerry Stevens, Deborah Stevens, and David Geoffrion (collectively, "Plaintiffs"), were detained for a traffic violation by several officers of the United States Forest Service while driving to a "Rainbow

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gathering" in Santa Fe National Forest, New Mexico. When a drug-sniffing dog alerted to the trunk, the officers searched Mr. Stevens, Mr. Geoffrion, and Plaintiffs' car. No contraband was found, and Plaintiffs drove away after having been detained for two hours.

Following this incident, Plaintiffs brought suit against several defendants in the Western District of Texas. Among the claims brought against the New Mexico and federal defendants for the allegedly intrusive and disruptive stop were claims under (1) 42 U.S.C. §§ 1983, 1985, (2) *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and (3) the Federal Torts Claims Act. Plaintiffs also made unreasonable search and seizure allegations against the United States Forest Service, and "failure to train" claims against the New Mexico defendants and all of the federal defendants except Joseph Hayes and Victor Morales.

Following the filing of various motions to dismiss by the defendants, the district court referred the matter to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A),(B). The magistrate judge wrote a thorough opinion in which he recommended that the district court grant the motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim. The district court approved and accepted the recommendations of the magistrate judge. Accordingly, the court entered final judgment dismissing Plaintiffs claims without prejudice.[1] Plaintiffs sought reconsideration in a "Motion for a New Trial" that the district court construed as a Rule 59(e) motion to alter or amend the judgment. The district court denied the motion, and Plaintiffs appeal that decision.

On appeal, the Plaintiffs have not properly briefed their claims. "Fed.R.App.P. 28(a)(4) requires that the appellant's arguments contain the

---

[1] The claims against President Barack Obama were dismissed with prejudice.

reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (internal quotations omitted). "Although we liberally construe briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Id.* (citation omitted). Plaintiffs' conclusory briefing fails to address the denial of their Rule 59(e) motion, or the substantive reasons articulated by the magistrate judge and adopted by the district court for the dismissal of the suit. Aside from general references to the facts, there is no briefing relevant to dismissal of the New Mexico defendants. Further, although the brief for the federal defendants liberally interprets Plaintiffs' brief and crafts responses around five points, we do not find Plaintiffs' "arguments" sufficiently explained in fact or law, nor do those arguments join issue in any meaningful way with the magistrate judge's recommendation. Because the arguments are not adequately argued in Plaintiffs' briefs, they are deemed to be abandoned on appeal.

**AFFIRMED.**