# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2014

Lyle W. Cayce
Clerk

SARAH BAYS LEGRAND,

Plaintiff-Appellant

v.

JIM GILLMAN,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-505

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Sarah Bays Legrand appeals, *pro se*, from the district court's order granting summary judgment dismissal of her 42 U.S.C. § 1983 claim against defendant Jim Gillman. Before the district court, Legrand contended that Gillman violated her Fourth and Fourteenth Amendment rights by using excessive force while facilitating her arrest and by entering her home without cause, warrant, or invitation. The district court held that,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10733

because Legrand failed to present evidence of a constitutional violation, Gillman was entitled to qualified immunity and summary judgment. For the reasons that follow, we affirm.

## I.

On September 28, 2010, while working an evening shift as a courtesy officer at Legrand's condominium complex, Gillman observed an altercation between Legrand and another resident of the complex.[1] Specifically, Gillman claims he saw Legrand throw a chunk of ice at the resident's moving vehicle while yelling "slow down." Legrand disputes throwing the ice, claiming instead that the ice inadvertently flew from her bucket as she turned to observe the passing car. Legrand claims that Gillman, upon witnessing the flying ice, grabbed her upper left arm and placed his right fist against her back, and she asserts that this act constitutes excessive force in violation of her Fourth Amendment rights. Gillman maintains that he made contact with Legrand, but at no time did he take Mrs. Legrand into custody or assault her.

Legrand and Gillman next proceeded on foot to Legrand's nearby home so that Legrand could retrieve her identification. According to Legrand,

---

[1] Defendant-Appellee Jim Gillman was, at all relevant times, a law enforcement officer employed by the Texas Department of Public Safety ("TDPS"). In addition to his employment with the TDPS, Gillman was privately employed by the Cloisters Condominium Association as a courtesy officer.

Although Gillman was off-duty at the time of the altercation, he is nonetheless entitled to qualified immunity as a public official. *See Moore v. Wal-Mart Stores, Inc.*, 62 F.3d 394, *2 (5th Cir. 1995) (holding that when an off-duty police officer, working as a security guard, saw a crime being committed, he "ceased being an employee or independent contractor . . . and became an on-duty police officer"). Furthermore, neither party nor the district court has questioned Gillman's entitlement to qualified immunity based on his being off-duty at the time of the incident.

No. 13-10733

Gillman ordered her to her home; Gillman remembers asking Legrand to return to her residence. Legrand claims that, when she returned from her bedroom with her identification, Gillman was standing in her living room, in violation of her Fourth Amendment protection against illegal searches and seizures and her Fourteenth Amendment right to equal protection. Legrand's son, Edward Stobart, filed an affidavit to this effect as well. Gillman claims that he did not enter Legrand's home, but waited at her threshold while he telephoned the Arlington Police Department and requested that an officer be dispatched to his location to report on the ice incident. After ascertaining Legrand's identity, Gillman left Legrand and returned to his shift; soon thereafter, Arlington Police arrived on the scene and arrested Legrand for criminal mischief. The charge was dismissed after Legrand completed an anger-management course, pursuant to a pre-trial diversion agreement between Legrand and the Tarrant County District Attorney's Office.

## II.

Legrand brought this suit against Gillman in October of 2012. Gillman filed a motion for summary judgment based on qualified immunity. The court ordered that the motion be unfiled because Gillman had not mailed a copy of the motion to chambers, as required by local rules. The error was corrected the same day, and Gillman refiled the motion in accordance with the court's procedural requirements. This time, however, Gillman failed to re-serve Legrand with the motion, and, as a result, Legrand did not file a response to the motion for summary judgment. Legrand did receive the original motion, however, which was identical to the one Gillman refiled.

The district court entered an order granting Gillman's motion for summary judgment and dismissing all of Legrand's claims with prejudice.

3

## No. 13-10733

Although Legrand had not filed a response, she had previously filed numerous documents and pleadings (most prominently, her verified amended complaint and her verified response to Gillman's assertion of qualified immunity) in which she submitted her account of the events underlying the suit and opposed Gillman's request for qualified immunity. Adopting Legrand's version of events as presented in those documents, the district court held that Gillman was entitled to qualified immunity because Legrand had failed to raise an issue of material fact as to whether Gillman had committed any constitutional violations.

Once Gillman's counsel learned that he had failed to re-serve Legrand with the motion for summary judgment, he advised the court accordingly and suggested that the issue would best be addressed by allowing Legrand to file a post-judgment motion under Federal Rule of Civil Procedure 59 or 60 to permit her to file an opposition.[2] Legrand filed a response to this advisory, in which she explicitly refused to file a post-judgment motion.

## III.

Legrand argues on appeal that the district court erred by granting Gillman's motion for summary judgment without allowing her an opportunity to respond. We cannot agree. In her response to the defendant's advisory to the court, Legrand emphatically indicated that there was no need for such a motion because she had already provided the court with all of her legal

---

[2] Under Federal Rule of Civil Procedure 59(a)(2), the court may, on motion for a new trial, "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59. Under Federal Rule of Civil Procedure 60(b), the court may, on motion and just terms, "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence . . . or . . . any other reason that justifies relief." FED. R. CIV. P. 60.

4

arguments concerning Gillman's entitlement to qualified immunity in previous filings. The district court considered these arguments in its ruling on the summary judgment motion. Thus, any assertion that summary judgment was granted without Legrand having an opportunity to make an argument in opposition is without merit.

Legrand also argues on appeal that the district court erred in concluding that the summary-judgment evidence raised no issue of material fact as to whether Gillman violated her constitutional rights by (1) allegedly grasping her upper left arm and placing his right fist on her back and (2) allegedly entering her home without warrant, cause, or invitation. The district court held, even in the light most favorable to Legrand, that no constitutional violation had occurred because Legrand failed to allege even a *de minimis* injury with respect to Gillman's alleged use of excessive force, and because Gillman's entry into Legrand's home was at most a trespass. Legrand, however, has failed to preserve any claim of error concerning the district court's resolution of her constitutional claims.

Although this court liberally construes the briefs of *pro se* appellants, "we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). An appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28. "Conclusory briefing" that "fails to address the . . . substantive reasons articulated by the [lower court]" is inadequate. *Stevens v. Hayes*, 535 F. App'x 358, *359 (5th Cir. 2013) (per curiam).

Legrand's opening brief does not address the substantive reasons articulated by the district court for granting Gillman's motion for summary judgment, nor does it contain any meaningful citation to legal authority. *See* FED. R. APP. P. 28; *Stevens*, 535 F. App'x at *359. Legrand's brief merely restates the facts as alleged in her lower pleadings and conclusorily asserts that such facts entitle her to relief under § 1983. Much of her brief is devoted to the introduction of new facts concerning events that are irrelevant to her constitutional claims, such as her history of clean background checks, or her past disputes with the Cloisters Homeowners Association. Even if these facts were relevant, this court, as a general rule, "will not enlarge the record on appeal with evidence not before the district court." *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008). Even liberally construed, Legrand's brief does not adequately set forth an argument on appeal. *See* FED. R. APP. P. 28; *Stevens*, 535 F. App'x at *359; *see also Jacobson v. Clay*, 72 F. App'x 999 (5th Cir. 2003) (finding inadequate appellants' briefs that "do not cite authority and consist of conclusory assertions"). Although Legrand attempts to articulate claims of error in her reply brief, this court does not normally entertain arguments raised for the first time in a reply brief. *See, e.g.*, *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 459 n.3 (5th Cir. 2010) (holding an argument made in plaintiffs' reply brief but not in their opening brief waived); *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). Thus, Legrand has failed to preserve any arguments on appeal concerning the district court's disposition of her claims under § 1983.

In any event, we find no plain error or manifest miscarriage of justice in the district court's disposition of the case. *See United States v. Whitfield*, 590 F.3d 325, 346-47 (5th Cir. 2009) (explaining that we may consider a point of

No. 13-10733

error not raised on appeal "to prevent a miscarriage of justice" or when plain error is evident from the record) (internal quotation marks omitted).

AFFIRMED.