# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51141

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2015

Lyle W. Cayce
Clerk

DTND SIERRA INVESTMENTS, L.L.C.,

Plaintiff–Appellant,

versus

CITIMORTGAGE, INCORPORATED;
MARK MORALES, As Trustee; DEBORAH MARTIN, As Trustee,

Defendants–Appellees.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-420

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

DTND Sierra Investments, LLC ("DTND"), appeals a sanction award against it in favor of CitiMortgage, Incorporated ("Citi"). We find no error and affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51141

I.

DTND purchased property subject to Citi's lien at a homeowners' association foreclosure sale. After Citi initiated foreclosure proceedings, DTND sued it in Texas state court, alleging that it was "depriving [DTND] of the right to cure any default on the property prior to initiating foreclosure proceedings" in violation of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Debt Collection Act ("TDCA"). DTND obtained a temporary restraining order and sought unspecified actual damages, multiple damages under the DTPA, exemplary damages, attorney's fees, "a validation of debt," "a payoff amount for the property," and an order quieting title.

Citi removed the case to federal court and moved to dismiss and for sanctions.[1] DTND did not respond in a timely manner, so the district court ordered DTND to show cause why the case should not be dismissed and sanctions imposed. DTND explained that it had "failed to respond . . . because [DTND] intended to dismiss this case with prejudice" but that it "did not bring this action in bad faith or for purposes of harassment or delay."

The court dismissed with prejudice after concluding that DTND's claims were meritless. The court described DTND as "a frequent litigator in Texas federal and state courts" whose "business model appears to consist entirely of purchasing deeply discounted homes at homeowners association foreclosure sales, collecting rental income from the properties, and then, when superior purchase-money mortgage lien holders attempt to foreclose, filing civil actions

---

[1] Mark Morales and Deborah Martin were also named defendants, but Citi averred that they were improperly joined such that their citizenship did not defeat diversity jurisdiction. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Morales was the borrower on the Citi loan, and DTND's petition did not identify any theory of recovery against him; the petition completely failed to explain Martin's relationship to the lawsuit.

in state court attempting to halt the foreclosure." Reviewing DTND's litigation history in federal court since 2011—which included seventeen cases that "have been dismissed with prejudice pursuant to a motion to dismiss" and thirty that "have been voluntary dismissed or dismissed without prejudice with [DTND's] consent"—the court observed that "four of the lawsuits that were dismissed on the merits included claims under the DTPA and TDCA arising out of a bank's failure to notify [DTND] of a right to cure."[2]   The court concluded that "[DTND's] apparent wish to avoid a determination on the merits is less than surprising because its legal theories are frivolous."

The district court determined that sanctions were warranted based on DTND's litigation history and its conduct in this case. DTND's counsel had offered to "release [DTND's] claims to the property for $20,000" and told Citi that "even if our lawsuit is dismissed fully and finally, we can more than likely create a bar to the selling of the home. We have been paid off by Title Companies because they are very wary of issuing a title insurance policy when we have a recorded deed."

Based in part on that statement, the court found "that this action was filed with knowledge of its groundlessness and for the purposes of harassment and delay" in violation of Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code. The court imposed a $20,000 sanction against DTND and its law firm "to deter DTND and its counsel from continuing to file groundless, harassing lawsuits." DTND maintains that the court lacked jurisdiction to impose sanctions and alternatively that the sanctions are an abuse of discretion.

---

[2] *See* Citi's Motion for Sanctions at 1 n.1 (listing DTND's previous cases).

No. 14-51141

II.

DTND does not dispute the district court's authority to issue sanctions pursuant to Texas Rule of Civil Procedure 13 but challenges the sanctions imposed under Chapter 10 of the Texas Civil Practice and Remedies Code. In *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000), we held that "[t]he district court was correct, in this case removed from state court, to consider the applicability of sanctions under Texas Rule of Civil Procedure 13 for the filing made in the Texas court," because "state sanctions rules [apply] to pleadings filed in state court before removal." Though sanctions under Chapter 10 were not at issue in *Tompkins*, nothing in our reasoning was limited to Rule 13, and DTND offers no arguments in support of its constricted interpretation of that case. The court had authority to sanction DTND.[3]

"[W]e review the district court's decision to assess sanctions for abuse of discretion and its underlying findings of fact for clear error."[4] The court concluded that DTND's claims were meritless because only "a debtor in default"

---

[3] DTND also contends that the court lacked authority to sanction its law firm, but we need not decide that issue because the firm has not appealed. *See Corroon v. Reeve*, 258 F.3d 86, 91 (2d Cir. 2001) ("[B]ecause more than one entity was sanctioned, [the sanctioned law firm] surely could not be viewed as an appellant, for it is not 'a party whose intent to appeal is otherwise clear from the notice.'" (quoting FED. R. APP. P. 3(c)(4))). Similar to *Corroon*, the notice of appeal in this case states only that "Notice is hereby given that Plaintiff, DTND . . . hereby appeals." *Compare Finlay v. Olive*, 77 S.W.3d 520, 527 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[A] law firm may be sanctioned for groundless pleadings filed on its behalf by an attorney employed with the firm."), *with Yuen v. Gerson*, 342 S.W.3d 824, 828–29 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that a law firm may not be sanctioned under Rule 13 or § 10.004). Likewise, we do not address DTND's argument that sanctions are unavailable after a Federal Rule of Civil Procedure 41(a)(1) voluntary dismissal, because this case was dismissed under Rule 12(b)(6). DTND repeatedly asserts that it "voluntarily dismissed the case," but the record does not contain a notice of dismissal, a stipulation of dismissal, or a motion by DTND for court-ordered dismissal as required by Rule 41(a).

[4] *Ortega v. Young Again Prods., Inc.*, 548 F. App'x 108, 110 (5th Cir. 2013) (reviewing sanctions issued pursuant to Rule 13); *see also Tompkins*, 202 F.3d at 787 (reviewing the denial of sanctions under Rule 13 for abuse of discretion).

No. 14-51141

has a right to cure pursuant to § 51.002(d) of the Texas Property Code, and "[a]s th[e] Court discussed in a previous order dismissing a substantially identical lawsuit filed by the same Plaintiff, DTND is not a debtor in default and is not entitled to any of the protections enumerated in Section 51.002." Without any citation to authority, DTND asserts that it "was entitled to a 'pay-off' amount so that it could service the note and maintain its ownership interest" in the property. Such "'[c]onclusory briefing' that 'fails to address the . . . substantive reasons articulated by the [district court]' is inadequate."[5] Likewise, DTND's brief does not even mention the DTPA or the TDCA, much less explain how Citi violated them. The court did not err by finding that DTND's claims were groundless.

DTND's maintains that its prior cases did not involves the precise claim at issue in this suit, but putting DTND's litigation history aside, its actions here provide ample support for the finding that it filed a groundless action for the purposes of harassment and delay. DTND does not even attempt to explain how the DTPA or the TDCA entitle it to a "pay-off amount," and it sought to avoid a ruling on the merits. Most importantly, DTND's counsel threatened to cloud title "even if [the] lawsuit is dismissed fully and finally" unless Citi paid $20,000.[6]

There is likewise no error with the size of the $20,000 sanctions award. The sanction was to cover Citi's attorney's fees and the rental value of the property from the date of the scheduled foreclosure to the date of judgment, with

---

[5] *Legrand v. Gillman*, 576 F. App'x 334, 337 (5th Cir. 2014) (omission in original) (quoting *Stevens v. Hayes*, 535 F. App'x 358, 359 (5th Cir. 2013) (per curiam)).

[6] DTND's argument that the district court improperly imposed "death-penalty" sanctions is meritless. Such sanctions apply only to abuses of the discovery process, *see Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004); they are irrelevant to a case that was dismissed under Rule 12(b)(6).

No. 14-51141

any remainder to be paid into the court's registry. The court found that Citi incurred attorney's fees of $11,535 and that the rental value was $12,270. DTND maintains that Citi's "sole loss . . . was the incursion of fees and costs of approximately $5,685" and that, "[f]or some unclear reason, Appellee's attorney's fee almost doubled following the Sanctions Order." But the reason for the increase is clear: Citi's lawyers continued to work on the case for nearly a year.

DTND also contends that the rental value of the property should be calculated for only fourteen days—the duration of the temporary restraining order—because "there was no future bar to [Citi's] foreclosure" after the order expired. But the expiration of the order did not prevent DTND from threating to cloud title unless it was paid $20,000—what the district court characterized as "the nuisance value of its frivolous lawsuit."

The judgment is AFFIRMED.

6