# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30928
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2017

Lyle W. Cayce
Clerk

TYNISKI EVANS,

  Plaintiff - Appellant

v.

DILLARD UNIVERSITY,

  Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-6841

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

  Plaintiff–Appellant Tyniski Evans, proceeding pro so, brought suit in federal district court against Defendant–Appellee Dillard University (Dillard), alleging "[s]exual harassment assault mental physical abuse and perjury Defamation of character."  The complaint requested as relief "[c]ompensation for time out of school."

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30928

Dillard moved to dismiss Evans's complaint on the basis that the court lacked federal subject matter jurisdiction over the complaint and that the complaint failed to state a claim upon which relief could be granted.  *See* Fed. R. Civ. P. 12(b)(1), (6).  Dillard noted that the complaint failed to state any grounds for federal subject matter jurisdiction, despite a section entitled "Jurisdiction," and failed to identify any source of law, federal or state, upon which the claims were based.  The district court granted the motion on the basis that it lacked subject matter jurisdiction over the complaint and dismissed it without prejudice.[1]  The district court concluded that it lacked diversity jurisdiction because both parties appeared to be citizens of Louisiana and lacked federal question jurisdiction because Evans's complaint did not reference a federal statute or otherwise indicate a claim under federal law. Evans timely appealed.

On appeal, Evans appears to argue that the district court erred in dismissing her complaint on the basis of lack of subject matter jurisdiction. The argument section of Evans's brief is limited to four sentences.  She argues that there was subject matter jurisdiction because "[Dillard] is a recipient of Federal financial assistance from the Department of Education."  She also makes the conclusory assertion that there was jurisdiction "on the basis of disability."  Finally, she assigns error to the district court's dismissal "because [she] was harassed, abused and treated unfairly with attending Dillard University."

We conclude that this briefing is insufficient to preserve Evans's argument for appeal.  "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties

---

[1] Because the district court granted Dillard's motion on this basis, it declined to address the alternative basis for the motion: whether the complaint failed to state a claim upon which relief could be granted.

represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of [Federal] Rule [of Appellate Procedure] 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (footnote omitted) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam)). Rule 28 requires the appellant's argument to contain citations to the authorities on which she relies. Fed. R. App. P. 28(a)(8)(A). Even liberally construed, Evans's brief is devoid of any legal citation or citation to the record. It also lacks any meaningful analysis and does not address the substantive reasons for dismissal articulated by the district court. *See Stevens v. Hayes*, 535 F. App'x 358, 359 (5th Cir. 2013) (per curiam). Evans's brief therefore fails to adequately set forth an argument on appeal. Given this deficiency, we conclude that any arguments attacking the district court's dismissal of her complaint have been abandoned on appeal. *See Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993). Accordingly, we AFFIRM the district court's judgment.