# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30700

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2017

Lyle W. Cayce
Clerk

DARREL THORN,

> Plaintiff - Appellant

v.

MELVIN MCGARY, Police Officer; DAVID BRYANT, Police Officer; PONCHATOULA POLICE DEPARTMENT; ROBERT F. ZABBIA, Mayor; BRY LAYRISSON, Police Chief,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-127

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

On January 26, 2014, Defendant–Appellee Melvin McGary, a police officer with the Ponchatoula Police Department, was on patrol when he observed a vehicle, which he later learned was occupied by Plaintiff–Appellant Darrel Thorn and a female passenger, Monica LeBlanc, parked on the roadway

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a winding two-lane street, in an area known for drug activity.[1]  Officer McGary initially thought the vehicle and its occupants were stranded and pulled in behind the vehicle to obviate the danger facing its occupants and other motorists.   Officer McGary immediately became suspicious as he observed Thorn moving about in the vehicle, in what Thorn admits was an attempt to hide a prescription pill bottle containing four or five Xanax pills that were not prescribed for him.  As Officer McGary and Thorn spoke in the doorway of Thorn's vehicle, Officer David Bryant arrived in response to Officer McGary's call to dispatch.  Both officers were familiar with Thorn through previous encounters.   Officers Bryant and McGary then observed Thorn manipulating the waistband of his pants and the pill bottle fall to the ground. After Thorn was unable to produce a prescription for the Xanax in the bottle, he was placed under arrest for possession of a schedule IV controlled dangerous substance without a valid prescription, a felony under Louisiana law.  *See* La. Stat. Ann. § 40:969.  Thorn was also ticketed for parking in the roadway. Thorn's arrest was reported (along with other arrests) in the local newspaper.

After the ticket was dismissed as part of a plea deal and the drug charge was rejected by the district attorney, Thorn, proceeding pro se, filed the instant suit against Officers McGary and Bryant, as well as the Ponchatoula Police Department; the Mayor of Ponchatoula, Robert F. Zabbia; and the chief of the Ponchatoula Police Department, Bry Layrisson (collectively, Defendants).  In relevant part, Thorn asserted a claim against Defendants under 42 U.S.C. § 1983 for a violation of the Fourth Amendment in connection with McGary's initial stop and his subsequent arrest, as well as a state law claim for defamation of character in connection with the newspaper report of his

---

[1] As discussed further below, these facts have been deemed admitted for purposes of summary judgment pursuant to the district court's local rules.

arrest.[2]  Thorn attached (among other things) an 11-sentence affidavit from LeBlanc to his complaint.

Defendants moved for summary judgment.  In accordance with the district court's local rules, Defendants' motion included "a separate and concise statement of the material facts which [they] contend[] present no genuine issue."  E.D. La. Civ. R. 56.1.  Thorn filed an opposition to the motion for summary judgment but failed to include his own statement of facts, as required by the district court's local rules.  E.D. La. Civ. R. 56.2.  Thorn's opposition argued that Defendants should be denied qualified immunity because he *alleged* his constitutional rights were violated.  The only evidence Thorn offered in support of his opposition was the affidavit from LeBlanc attached to his complaint, which Defendants moved to strike after LeBlanc failed to respond to Defendants' requests for a deposition and Thorn was unable to provide a deposition date for her.  The district court granted Defendants' motion to strike, as well as their motion for summary judgment.  Based on Thorn's failure to present a controverting statement of facts, the district court, pursuant to its local rules, "deemed admitted" the material facts in Defendants' statement of facts for purposes of ruling on Defendants' motion.  E.D. La. Civ. R. 56.2.  Thorn timely appealed.

---

[2] Although the district court liberally construed Thorn's complaint to include several other claims, our review is limited to the claims identified above.  We liberally construe briefs of pro se litigants; however, pro se litigants must still comply with the principles of appellate procedure, including the principle that arguments must be briefed to be preserved.  *See* Fed. R. App. P. 28; *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  "'Conclusory briefing' that 'fails to address the . . . substantive reasons articulated by the [lower court]' is inadequate."  *Legrand v. Gillman*, 576 F. App'x 334, 337 (5th Cir. 2014) (per curiam) (alteration and omission in original) (quoting *Stevens v. Hayes*, 535 F. App'x. 358, 359 (5th Cir. 2013) (per curiam)).  Here, Thorn has not advanced any argument on appeal in support of any other claims, much less addressed the substantive reasons articulated by the district court for granting summary judgment on the other claims.  Thus, Thorn has failed to preserve any argument concerning claims beyond those we address.

No. 16-30700

On appeal, Thorn contends that the district court erred in holding his opposition to Defendants' motion for summary judgment to the same standard as one drafted by an attorney. Thorn is correct that pleadings of pro se litigants, including oppositions to motions for summary judgment, must be construed liberally and reviewed less stringently than those drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *McCrae v. Hankins*, 720 F.2d 863, 865 (5th Cir. 1983), *abrogated on other grounds by Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984), *as recognized in Augustine v. Doe*, 740 F.2d 322, 328 & n.10 (5th Cir. 1984). However, "pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corrs. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) (per curiam) (unpublished); *see also Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam))). As we have explained, "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise pro se litigants of their burden in opposing summary judgment; no "particularized additional notice" for pro se litigants is required. *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam).

Here, the district court recognized that it was required to—and did in fact—liberally construe Thorn's complaint and opposition. But, as the district court also recognized, Thorn was not excused from complying with the Federal Rules of Civil Procedure, the district court's local rules, or most significantly, the tenet that he must identify evidence in support of his claims. The district court's local rules require an opposition to summary judgment to "include a separate and concise statement of the material facts which the opponent contends present a genuine issue." E.D. La. Civ. R. 56.2. If the opposition fails

4

to provide such a statement, "[a]ll material facts in the moving party's statement will be deemed admitted, for purposes of [summary judgment]." *Id.* Thorn was not excused from complying with this requirement by simple virtue of his pro se status.

Thorn next contends that the district court erred in striking LeBlanc's affidavit based on his failure to better assist Defendants in their (unsuccessful) attempts to take LeBlanc's deposition. We generally review a motion to strike for abuse of discretion, *see Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007), but need not decide whether the district court abused its discretion in this case. As a result of Thorn's failure to follow the district court's summary judgment procedures, the material facts in Defendants' motion for summary judgment were "deemed admitted" for purposes of ruling on the motion. E.D. La. Civ. R. 56.2. Thorn's pro se status, as discussed above, did not excuse him from complying with the district court's local rules, and under the circumstances, they were properly enforced by the district court against him. *See Martin*, 975 F.2d at 193. Thus, regardless of whether the LeBlanc affidavit was properly stricken, the relevant facts for analyzing summary judgment are the uncontroverted ones in Defendants' motion.[3]

Thorn further contends that the district court erred in granting Officers McGary and Bryant qualified immunity from his § 1983 claim. We review a

---

[3] Indeed, Thorn has failed to demonstrate any specific harm resulting from the district court's decision to strike the LeBlanc affidavit. The affidavit is both vague and conclusory, and "without more, a vague or conclusory affidavit is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence." *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013). Specifically, the affidavit concludes McGary had "no reason" to take the actions he did but offers only a vague description of LeBlanc's observations in support. In fact, the affidavit's description is so vague that it is difficult to discern whether LeBlanc even challenges Officer McGary's testimony that Thorn's car was parked in the roadway and Officers McGary and Bryant's testimony that the pill bottle containing the Xanax fell from Thorn's pants independent of any pat down.

grant of summary judgment on the issue of qualified immunity de novo. *Curtis v. Anthony*, 710 F.3d 587, 593 (5th Cir. 2013) (per curiam). "A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). According to Thorn, the dismissal of his ticket as part of a plea deal and the district attorney's rejection of his drug charge demonstrate that Officer McGary's initial stop and Officers McGary and Bryant's subsequent arrest lacked foundation and, thus, demonstrate that his Fourth Amendment rights were violated.[4] We disagree.

According to the facts deemed admitted, Thorn's vehicle was parked in the roadway of a winding two-lane street, which an officer would reasonably view as posing a danger to both the vehicle's occupants and other motorists and as constituting a traffic violation. Therefore, Officer McGary's initial stop did not violate the Fourth Amendment. *See United States v. Rideau*, 969 F.2d 1572, 1574 (5th Cir. 1992) (en banc) (holding that a stop based on reasonable suspicion and serving a community caretaking function did not violate the Fourth Amendment). Neither did Officers McGary and Bryant's subsequent arrest of Thorn. *See Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (per curiam) (holding that warrantless arrest based on probable cause did not violate the Fourth Amendment). Based on the totality of the circumstances

---

[4] Thorn also appears to argue that liability for these alleged constitutional violations attaches to the remaining Defendants under § 1983, ostensibly on a theory of *respondeat superior*. The doctrine of *respondeat superior* does not apply in § 1983 cases, and Thorn has failed to provide any "proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom," which could support a traditional municipal liability theory. *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Accordingly, the district court properly granted summary judgment on Thorn's § 1983 claim against the remaining Defendants.

known to Officers McGary and Bryant—including their prior experience with Thorn, Thorn's furtive movements as Officer McGary approached Thorn's vehicle, the unlabeled prescription bottle containing Xanax falling from Thorn's pants, and Thorn's inability to produce a valid prescription for Xanax—there was probable cause to conclude that Thorn violated La. Stat. Ann. § 40:969, *et seq*. The dismissal of the ticket and refusal to prosecute the drug charge do not compel the conclusion that Thorn urges upon us that a Fourth Amendment violation occurred. In fact, neither one necessarily demonstrates that Thorn was innocent. Rather, they merely represent exercises of prosecutorial discretion. Because Thorn has failed to satisfy the first-prong of the qualified immunity analysis—a violation of his Fourth Amendment rights—Defendants were properly granted qualified immunity.[5]

Thorn finally argues that the district court erred in granting summary judgment on his defamation of character claim. According to Thorn, the district court failed to account for the fact that the newspaper received the information about his arrest from "police blotters." Thorn, however, failed to present this argument to the district court or provide any evidence to support it. Moreover, even if he had, the fact remains that Thorn *was* arrested. Thus, he has failed to demonstrate that the information provided by the police

---

[5] Thorn also seems to suggest that his Fourth Amendment rights were violated because Officer McGary's initial stop and Thorn's subsequent arrest appear to have occurred a short distance outside of Ponchatoula's city limits (on a stretch of road Officer McGary had always been given authority to patrol because curves in the road caused only small portions to leave city limits). Thorn, however, did not raise this argument in opposition to Defendants' motion for summary judgment, so the argument is waived. *See Yohey*, 985 F.2d at 225, 227; *see also Hensley v. Wal-Mart Stores, Inc.*, 290 F. App'x 742, 743–44 (5th Cir. 2008) (per curiam). Moreover, even if the argument were not waived, Thorn has not cited any authority clearly establishing that a stop or arrest under the circumstances violates the Fourth Amendment. Accordingly, he has failed to show that he could, in any event, satisfy the second prong of the qualified immunity analysis. *See Porter*, 659 F.3d at 445 (recognizing that qualified immunity shields officials unless the plaintiff demonstrates the defendant violated a constitutional right that was "clearly established").

blotters was false, let alone demonstrate the other elements required for a viable defamation claim under Louisiana state law. *See Trentecosta v. Beck*, 703 So. 2d 552, 559 (La. 1997) ("Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."); *see also Lee v. Pennington*, 830 So. 2d 1037, 1045 (La. Ct. App. 2002) (concluding report of the plaintiff's arrest was neither false nor defamatory). Indeed, we have already concluded that there was probable cause for Thorn's arrest, and under these circumstances, Louisiana law affords police officers a qualified privilege against defamation actions. *See Trentecosta*, 703 So. 2d at 562–64 (holding that police officers have a qualified privilege against defamation claims for "report[ing] the fact that a person was arrested and the charges for which the person is being held"); *see also Roche v. Aetna Cas. & Sur. Co.*, 303 So. 2d 888, 890 (La. Ct. App. 1974) (affirming dismissal of defamation claim where officer's arrest was supported by probable cause). The district court, therefore, did not err in granting summary judgment on Thorn's defamation of character claim.

In sum, Thorn has failed to present competent evidence or argument to withstand summary judgment on any of his claims against Defendants. Accordingly, the judgment of the district court is AFFIRMED.