# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2019

Lyle W. Cayce
Clerk

No. 18-10262
Summary Calendar

CAROLYN BUTLER,

Plaintiff-Appellant

v.

DALLAS AREA RAPID TRANSIT (DART); OLIVER JONES, #27286,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-3228

Before SOUTHWICK, HAYNES, and HO, Circuit Judges,

PER CURIAM:*

Carolyn Butler filed in the district court a pro se complaint against Dallas Area Rapid Transit (DART), which is a state transportation agency, and Oliver Jones, who is a DART employee. She alleged that she was injured when Jones's negligent driving of a DART bus, in which she was a passenger, resulted in an accident. The district court dismissed her lawsuit without

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10262

prejudice for lack of subject-matter jurisdiction.  Butler now moves this court for leave to proceed in forma pauperis (IFP) on appeal.

To proceed IFP, Butler must demonstrate financial eligibility and a nonfrivolous issue for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous.  *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *see* 5TH CIR. R. 42.2.  We generally review a district court's dismissal for lack of subject-matter jurisdiction based upon legal questions de novo.  *Williams v. Wynne*, 533 F.3d 360, 364-65 (5th Cir. 2008); *see also Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (noting that questions of fact necessary to a determination of subject matter jurisdiction are properly determined by the district court ruling on a motion under Federal Rule of Civil Procedure 12(b)(1).

Butler argues that (1) she can sue DART and Jones under the Federal Tort Claims Act (FTCA), set forth at 28 U.S.C. § 1346, which authorizes a cause of action for personal injury caused by a government employee; (2) the district court erred by holding that she cannot sue under 49 U.S.C. § 5301(b)(1)-(6); (3) she can pursue her cause of action in federal court pursuant to § 2679(b), but she cannot do so in Texas state court due to § 2679(d) and certain Texas state laws; and (4) Federal Rule of Civil Procedure 60(b) protects her from the district court's erroneous assessment of her jurisdictional evidence.  Because Butler is not suing the United States or a federal government employee, she cannot establish jurisdiction under the FTCA, and neither § 2679(b) or (d) are applicable to her lawsuit.  Her remaining assertions are conclusory and are

insufficient to support her attempt to establish subject-matter jurisdiction. *See Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001). Butler has not demonstrated that she will raise a nonfrivolous issue with respect to subject-matter jurisdiction on appeal.

Accordingly, Butler's motion to proceed IFP on appeal is DENIED and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.